**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-7669**

———————

RODAGUS MARILENTO THOMAS,

              Petitioner – Appellant,

      v.

DARLENE DREW, Warden FCI Bennettsville,

              Respondent – Appellee.

———————

Appeal from the United States District Court for the District of
South Carolina, at Beaufort.  David C. Norton, Chief District
Judge.  (9:08-cv-03111-DCN)

———————

Submitted:  February 4, 2010      Decided:  February 17, 2010

———————

Before WILKINSON, MOTZ, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Rodagus Marilento Thomas, Appellant Pro Se.   Barbara Murcier
Bowens, Assistant United States Attorney, Columbia, South
Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rodagus Marilento Thomas appeals the district court's order accepting the recommendation of the magistrate judge and denying relief on his 28 U.S.C. § 2241 (2006) habeas petition, construed in part as a complaint filed pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). We have reviewed the record and find no reversible error. For the reasons that follow, we affirm.

Thomas, a federal prisoner, was charged with ten counts of misuse of the telephone while incarcerated at FCI Edgefield. Following a review of the evidence, the Discipline Hearing Officer ("DHO") found Thomas guilty on all ten counts, and imposed a number of sanctions, specifically: (1) a loss of phone privileges until June 23, 2065; (2) a loss of twenty-seven days of good time credit; (3) a loss of commissary privileges until December 18, 2038; and (4) a loss of visitation privileges until April 16, 2046. After exhausting his administrative remedies, Thomas challenged his punishment in the district court, arguing in relevant part that his due process rights had been violated by his prison disciplinary hearing and that the sanctions imposed were excessive and violated his Eighth Amendment right to be free from cruel and unusual punishment. In response, Drew filed a motion for summary judgment.

2

The magistrate judge recommended that the motion for summary judgment be granted in part, and that Thomas's convictions and the sanctions imposed regarding his loss of good time credit and telephone and commissary privileges be upheld. However, the magistrate judge found that Thomas was entitled to relief on the portion of his Bivens claim relating to his loss of visitation privileges, finding that the loss constituted a permanent ban on his visitation privileges and thus violated Thomas's Eighth Amendment rights. The district court affirmed the magistrate judge's report and recommendation; granted the motion for summary judgment in part regarding Thomas's conviction and his loss of good time credits, commissary privileges, and phone privileges; found that Thomas had suffered a violation of his Eighth Amendment rights regarding his loss of visitation privileges; and ordered the Bureau of Prisons ("BOP") to re-sentence Thomas only on his visitation privileges. Shortly thereafter, Drew filed a status report with the court, indicating that Thomas had been re-sentenced and his visitation privileges were suspended for 99 months, with those privileges to be restored on January 15, 2015. Thomas filed a timely notice of appeal.

On appeal, Thomas first asserts that the "de facto" permanent ban on his telephone privileges is a violation of his Eighth Amendment rights. Second, Thomas challenges the BOP's

3

revised sanction of 99 months of loss of visitation privileges, asserting that it still amounts to a permanent ban, and therefore despite the court's order, Thomas received no relief. Third, Thomas claims that his sanctions were retaliatory, because the other two inmates involved have already had their privileges reinstated, despite having a record of prior institutional infractions while Thomas has no such record. Finally, Thomas asserts that the sanctions imposed regarding his visitation privileges violate the Eighth Amendment rights of his two sons, who are no longer able to visit Thomas while he is in prison.

As to his third and fourth claims, neither was raised in Thomas's administrative appeals, or in his complaint filed in the district court. This court generally does not address claims raised for the first time on appeal. See Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993). Furthermore, "[e]xceptions to this general rule are made only in very limited circumstances, such as where refusal to consider the newly-raised issue would be plain error or would result in a fundamental miscarriage of justice." Id. Here, Thomas concedes in a reply to Drew's informal brief that his claims are not properly before this Court, and instead asserts again that the ban violates his own Eighth Amendment rights, as previously argued. Because Thomas has not argued that exceptional

4

circumstances exist to justify departure from the general rule, and we perceive no such circumstances, we decline to address these two claims.

Thomas's claim that his revised sentence of 99 months without visitation privileges still violates his Eighth Amendment rights also is not properly before this court on appeal. We have jurisdiction only over "all final decisions of the district courts of the United States," 28 U.S.C. § 1291 (2006), and certain interlocutory orders from the district courts. See 28 U.S.C. § 1292 (2006). However, we do not have jurisdiction to hear appeals directly from a BOP disciplinary hearing or re-sentencing. Therefore, Thomas is entitled to no relief on this claim.

Finally, Thomas challenges the "de facto" ban on his telephone privileges as a violation of his Eighth Amendment rights.[*] "To demonstrate that conditions of confinement constitute cruel and unusual punishment, [an inmate] must (1) establish that prison officials acted with 'deliberate indifference' and (2) prove extreme deprivations of basic human needs or 'serious or significant' pain or injury." Smith v.

---

[*] Because Thomas failed to challenge the district court's decision to uphold his loss of good time credits and his commissary privileges, he has waived review of these claims pursuant to 4th Cir. R. 34(b).

Ozmint, 578 F.3d 246, 255 (4th Cir. 2009) (quoting Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996)). Thomas has done neither; he has not alleged that he is experiencing an extreme deprivation or that he has suffered a significant injury. Therefore, Thomas has failed to demonstrate that his Eighth Amendment rights have been violated.

Accordingly, although we grant leave to proceed in forma pauperis, we deny as moot Thomas's motion to expedite and affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6